Thx IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| MILLER SEABROOKS, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:20-cv-00039 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| EVANS DELIVERY CO. and | ) | |
| RONALD LEE BROWN, JR., | ) | By:    Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Plaintiff Miller Seabrooks's Motion to Consolidate Cases. ECF No. 10. Seabrooks seeks to consolidate two cases currently pending in this district: *Seabrooks v. Evans*, No. 5:20cv39 (W.D. Va. June 29, 2020) ("*Seabrooks*") and *Brown v. Seabrooks*, No. 5:20cv10 (W.D. Va. Feb. 13, 2020) ("*Brown*"). For the reasons stated below, the Court hereby **GRANTS** the Motion to Consolidate and consolidates these two cases for all further proceedings, including trial.

I. Factual and Procedural Background

On July 26, 2018, Miller Seabrooks and Ronald Lee Brown, Jr. were involved in a motor vehicle accident in Rockingham County, Virginia. Compl. 2, *Seabrooks*, ECF No. 1. The parties filed separate civil actions, both stemming from the accident, against each other in federal court. A brief procedural history is instructive.

In November 2018, Seabrooks filed a complaint against Brown and other defendants in the United States District Court for the Southern District of New York. *See* Compl., *Seabrooks v. Brown, Jr. et al.*, No. 1:18cv10155 (S.D.N.Y. Nov. 8, 2018), ECF No. 2. That action was later dismissed without prejudice for lack of personal jurisdiction. Op. & Order, *Seabrooks v. Brown, Jr. et al.*, No. 1:18cv10155 (S.D.N.Y. Oct. 24, 2019), ECF No. 53.

1

On February 13, 2020, Brown filed his own complaint against Seabrooks in the United States District Court for the Western District of Virginia. *See* Compl., *Brown*, ECF No. 1. He alleged that Seabrooks's negligence caused the accident and Brown's resulting injuries. *Id.* Seabrooks filed an Answer to Brown's Complaint on April 17, 2020. Answer, *Brown*, ECF No. 8. Seabrooks did not plead a counterclaim against Brown. *Id.* Brown filed an Amended Complaint on July 24, 2020. Am. Compl., *Brown*, ECF No. 19. Seabrooks filed an Answer to Brown's Amended Complaint on August 4, 2020. Answer to Am. Compl., *Brown*, ECF No. 22. He still did not plead a counterclaim. *Id.*

Meanwhile, Seabrooks filed a civil action against Brown and his alleged employer, Evans Delivery Company ("Evans"), in the United States District Court for the Western District of Virginia. *See* Compl., *Seabrooks*, ECF No. 1. He alleged that Brown's negligence caused the accident and Seabrooks's resulting injuries. *Id.* Seabrooks also alleged that Brown was acting as Evans's agent at the time of the accident. *Id.* On August 18, 2020, Brown filed a motion to dismiss Seabrooks's Complaint. Mot. to Dismiss, *Seabrooks*, ECF No. 7. Brown argued that Seabrooks's claims against him were compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure and therefore should have been raised in Seabrooks's Answer to Brown's Complaint in Brown's earlier-filed suit. *Id.*

Seabrooks subsequently amended his Answer to Brown's Amended Complaint in Brown's action. Am. Answer, *Brown*, ECF No. 25. On this occasion, Seabrooks pleaded a counterclaim against Brown. *Id.* at 3–5. On the same day, in his own action, Seabrooks filed the Motion to Consolidate that is the subject of this Order. Mot. to Consolidate Cases, *Seabrooks*, ECF No. 10. Brown and Evans oppose the motion. Defs.' Br. in Opp'n to Mot. to Consolidate Cases, *Seabrooks*, ECF No. 16.

II. Legal Framework

Rule 42 of the Federal Rules of Civil Procedure permits consolidation of actions before the court that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1129 (2018); *see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule 42(a)] to consolidate cases pending in the same district."). Courts determine the appropriateness of consolidation by weighing "the specific risks of prejudice and possible confusion" from consolidation against the risk of inconsistent adjudications, the burden on the parties, witnesses, and judicial resources, the length of time required to independently resolve multiple related actions, and the relative expense of the same. *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018). Consolidation is "generally favor[ed]" when the balance of these factors supports it. *In re Orbital Sci. Corp. Secs. Litig.*, 188 F.R.D. 237, 238 (E.D. Va. 1999) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990)).

III. Analysis

These two actions pose substantially similar issues of law and fact. Consolidation is thus appropriate under Rule 42(a). Both actions arise out of the same facts: a July 26, 2018 motor vehicle accident on Interstate 81 in Rockingham County, Virginia. *See* Compl., *Brown*, ECF No. 1; Compl., *Seabrooks*, ECF No. 1. Seabrooks and Brown were driving separate vehicles that collided, and each now alleges that the other's negligence caused the accident and resulting injuries. Compl., *Brown*, ECF No. 1; Compl., *Seabrooks*, ECF No. 1. Because these actions both arise out of the same incident, have common parties, and allege the same conduct against one another, consolidation is warranted. *Vortekx, Inc. v. IAS Commc'ns, Inc.*, 72 F. Supp. 2d 638, 640

(N.D. W.Va. 1999) (consolidating cases where, otherwise, "the same parties and interests would litigate two separate cases, in two separate courts, involving the same facts and legal issues"); *U.S. ex rel. Sprinkle Masonry, Inc. v. THR Enters., Inc.*, No. 2:14cv251, 2014 WL 4748527, at *1, *3 (E.D. Va. Sept. 23, 2014) (finding consolidation appropriate where plaintiff filed two lawsuits against defendant where the facts and parties common to both actions were substantially similar).

One difference between these two actions is that each names a defendant who is not party to the other action. *See* Am. Compl., *Brown*, ECF No. 19 (naming S&M Moving and Storage as a defendant); Compl., *Seabrooks*, ECF No. 1 (naming Evans as a defendant). These parties, however, have been named as defendants solely on a theory of respondeat superior. Brown alleges that Seabrooks was acting as an agent of S&M Moving and Storage ("S&M") at the time of the accident, Am. Compl., *Brown*, ECF No. 19, while Seabrooks alleges that Brown was acting as Evans's employee and agent at the time of the accident, Compl., *Seabrooks*, ECF No. 1. These parties' interests are therefore intricately intertwined with the dispute between Brown and Seabrooks. This difference between the two cases does not predominate over the substantial similarities between them in all other respects. *See Loudermilk v. Autozoners, LLC*, No. 5:15cv16131, 2016 WL 6824396, at *2 (S.D. W. Va. Nov. 17, 2016) (finding consolidation of two different plaintiffs' actions against a common defendant appropriate where individual issues specific to each plaintiff were unlikely to predominate over common issues); *Vortekx*, 72 F. Supp. 2d at 639 (although different parties were named in both cases, consolidation was appropriate where those parties' interests were integrally related to the core dispute in the case).

This Court has considered all relevant factors and concludes that each factor favors consolidation. First, without consolidation, there is a risk of inconsistent adjudications. Should

4

these cases proceed separately, one would reach a judgment before the other. Such a judgment could preclude further proceedings in the still-pending action and could thereby significantly impair the rights of the parties. *See Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019) ("Stated simply, res judicata operates to prevent a party from getting a 'second bite of the apple' with respect to wrongs arising from a single dispute.").

The burdens on the parties, witnesses, and judicial resources; the length of time required to independently resolve both related actions; the relative expense of two actions; and the possibility of confusion also favor consolidation. Both cases revolve around whether either party negligently caused a motor vehicle accident in which both individual plaintiffs were injured. Discovery as to liability in both actions will likely, therefore, focus heavily on that issue. Any documents produced in one action would almost certainly be relevant to the issues in the other action. Likewise, any witnesses would also be common to both cases and would provide similar testimony in each case. Should these cases proceed separately, then, discovery would be almost entirely duplicative. Consolidation will prevent that. *Fed. Ins. Co. v. PACCAR, Inc.*, No. 2:15cv13508, 2016 WL 1261148, at *2 (S.D. W. Va. Mar. 30, 2018) (finding consolidated discovery more efficient where both cases "ar[o]se from the same incident"). Joint discovery will reduce the cost to the parties, will limit the time spent on discovery, and will be more convenient for witnesses. At the trial stage, consolidation will obviate the need for two separate trials between the same parties concerning the same events. Throughout this litigation, consolidation will also conserve judicial resources by preventing this Court from having to separately administer these two suits. Allowing two nearly identical actions to proceed separately would only lead to unnecessary confusion and duplicative efforts by all involved.

The procedural posture of both cases also favors consolidation. In *Seabrooks*, discovery has not yet begun. *See* Sched. Letter, *Seabrooks*, ECF No. 13. And though written discovery has begun in Brown's action (in which Evans is not a party), the parties are not so far into the process that consolidation will be prejudicial. *See* Sched. Order, *Brown*, ECF No. 13; Order on Rule 26(f) Report, *Brown*, ECF No. 15. Accordingly, consolidation at this stage is unlikely to cause prejudice or delay.

Finally, there is little risk of prejudice to any party. Brown and Evans disagree, contending that consolidation will be prejudicial. Defs.' Br. in Opp'n to Mot. to Consolidate Cases 6–7, *Seabrooks*, ECF No. 16. They argue that Seabrooks's claims against Brown are compulsory counterclaims that should have been, but were not, plead in Seabrooks's Answer to Brown's Complaint. *Id.* at 6. They further contend that Seabrooks should not be permitted to circumvent the dictates of the Federal Rules of Civil Procedure regarding waiver of compulsory counterclaims by filing a separate civil action and then seeking consolidation with Brown's action. *Id.* at 5. The Court concludes, however, that Brown and Evans will not be prejudiced by consolidation because consolidation of these two cases will not merge them into a single civil action. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co. & Boehm v. Same*, 289 U.S. 479, 496–97 (1933). Rather, each individual action "retains its independent character." *Hall*, 138 S. Ct. at 1125. "From the outset, [courts have] understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Id.* (surveying the historical understanding of "consolidation" within the

6

meaning of Fed. R. Civ. P. 42(a)). Thus, despite consolidation, these two civil actions will "retain [their] independent character." *Id.* Relatedly, Brown has filed separate motions to dismiss Seabrooks's claims against him in each of the two actions. *See* Mot. to Dismiss, *Seabrooks*, ECF No. 7; Mot. to Dismiss and Mot. to Strike, *Brown*, ECF No. 27. After consolidation, Brown will remain free to continue to litigate these motions to dismiss. He will therefore suffer no prejudice from consolidation of the two actions.

## IV. Conclusion

For the foregoing reasons, consolidation of these two cases is warranted. Accordingly, Seabrooks's Motion to Consolidate Cases, *Seabrooks*, ECF No. 10, is **GRANTED**. The cases will be consolidated for all future proceedings, including trial.

It is so ORDERED.

The Clerk shall send a copy of this Order to the parties.

ENTER: October 16, 2020

Joel C. Hoppe
U.S. Magistrate Judge